IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**LORENZO TUCKER,**

      **Petitioner,**

v.                                                            **Case No. 5:20-cv-00382**

**D. L. YOUNG, Warden,**
**FCI Beckley, et al.,**

      **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending are Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1); Petitioner's Motion to Expedite, (ECF No. 3); Petitioner's Motion for Summary Reversal, (ECF No. 6); and Respondent's request for dismissal of the petition set forth in his Response to Order to Respond. (ECF No. 11). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Given that Petitioner's habeas petition is now moot, as explained below, his Motion to Expedite is **DENIED.** Having considered the record, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's Motion for Summary Reversal, (ECF No. 6); **GRANT** Respondent's request for dismissal, (ECF No. 11); **DISMISS** the Petition for a Writ of Habeas Corpus, (ECF No. 1); and **REMOVE** this matter from the docket of the Court.

1

I.     **Relevant History**

On January 30, 2008, Petitioner, Lorenzo Tucker ("Tucker"), was indicted by a grand jury sitting in the United States District Court for the District of Nevada ("Sentencing Court") on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Tucker,* Case No.: 2:08-cr-00025-KJD-CWH (D. Nev. Jan. 30, 2008), ECF No. 1. At the conclusion of a jury trial, Tucker was convicted of the charge and was sentenced to 96 months of imprisonment followed by 3 years of supervised release. *Id.,* ECF No. 122. Tucker began his term of supervised release on June 17, 2016. *Id.,* ECF No. 261 at 2.

In March 2017, Tucker was found in violation of terms and conditions of supervised release and was sentenced to 18-months' incarceration, followed by 18 months of supervised release. *Id.,* ECF No. 229. He completed his time in prison and began his second term of supervised release on January 24, 2018. *Id.,* ECF No. 261 at 2. A petition seeking to revoke his supervised release was filed on December 21, 2018; an arrest warrant issued; and Tucker was ultimately sentenced on November 22, 2019 to 8-months' imprisonment with no supervised release to follow. *Id.,* ECF Nos. 261, 262, 287.

On June 4, 2020, while serving his revocation sentence at Federal Correctional Institution Beckley in Beckley, West Virginia, Tucker filed the instant habeas petition. (ECF No. 1). Tucker raised three challenges to the execution of his sentence. First, he asserted that he was entitled to "immediate home confinement" in accordance with the Second Chance Act; nonetheless, the Federal Bureau of Prisons ("BOP") had failed to release him. (*Id*. at 4-5). Second, Tucker claimed that he was owed a seven-day sentence reduction for good conduct time that was not considered when his release date was calculated. Lastly, Tucker alleged that he was due twenty-five days of jail credit, which he

2

had not received. (*Id.* at 7-8). Tucker also asked for monetary compensation in the amount of $100,000 for his prolonged incarceration. (ECF No. 1 at 9).

On June 10, 2020, Tucker filed a Motion for Summary Reversal, now arguing that his original conviction under §922(g)(1) was invalid pursuant to the decision of the Supreme Court of the United States in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 6). According to Tucker, the indictment failed to allege an essential element of the charge, the Sentencing Court provided erroneous instructions to the jury regarding the burden of proof necessary to establish that Tucker knew he belonged to a category of persons barred from possessing firearms, and the evidence was insufficient to establish his illegal possession or receipt of a firearm. (*Id.*).

On July 2, 2020, Respondent filed a response to the habeas petition. (ECF No. 11). Respondent did not address the request for monetary damages, or the subsequently-asserted *Rehaif* argument, but argued that the disputes regarding Tucker's sentence were moot given his release from custody on July 2, 2020. (*Id.*). Tucker was given an opportunity to reply to Respondent's argument, but the Order setting the briefing schedule was returned to the Clerk as undeliverable. (ECF Nos. 12, 13). The BOP's inmate locator confirms that Tucker was released on July 2, 2020, and he did not leave a forwarding address.

**II.    Discussion**

Tucker actually raises three different causes of action in his filings. In his initial petition, Tucker asserts a challenge to the execution of his sentence under 28 U.S.C. § 2241. In the Motion for Summary Reversal, Tucker challenges the validity of his Nevada conviction—a claim typically raised in a § 2255 motion. Throughout his filings, Tucker seeks monetary damages for alleged civil rights violations, a claim generally brought in a

3

lawsuit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Each distinct cause of action is examined separately below.

### A. *Claim for Monetary Compensation*

Tucker demands money damages for the BOP's allegedly unconstitutional prolongation of his incarceration. Such a claim is not cognizable in a habeas proceeding under § 2241. *See Preiser v. Rodriguez,* 411 U.S. 475, 499-500 (1973). A claim against a federal actor for the violation of a civil right must be brought in a civil action filed pursuant to *Bivens*. Consequently, if Tucker wishes to pursue this claim, he must file a separate complaint and pay an additional filing fee of $400. Accordingly, the undersigned **FINDS** that Tucker is not entitled to monetary damages in this habeas proceeding, and the claim should be dismissed, without prejudice.

### B. *Challenge to the Validity of the Conviction*

In his Motion for Summary Reversal, Tucker challenges the legality of his conviction, not the execution of his sentence. Accordingly, Tucker's motion is properly construed as a motion under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal conviction. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and according to § 2255, challenges to the validity of a conviction must be raised in the Court that entered judgment against the defendant. *See* 28 U.S.C. § 2255(a) (stating that a defendant must "move the court which imposed the sentence" to vacate, set aside, or correct a sentence.). In Tucker's case, jurisdiction to resolve his § 2255 motion would rest in the Sentencing Court, not in this Court.

However, § 2255(e) does provide a "savings clause" exception, which serves as a

means by which a petitioner may attack the legality of a conviction using the traditional writ of habeas corpus under § 2241. Section 2255(e) states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). Therefore, the savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following elements: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit ") held in *United States v. Wheeler* that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.*, 886 F.3d 415, 426 (4th Cir. 2018). The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. Appx. 72,

5

2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014). Accordingly, Tucker's claims pertaining to the validity of his conviction must meet the requirements of the savings clause exception, or this Court lack the requisite jurisdiction to consider them.

### 1. Governing law

Tucker was convicted in the United State District Court for the District of Nevada, which sits within the appellate region of the Ninth Circuit. As he was incarcerated within the jurisdiction of the Southern District of West Virginia at the time of filing, however, Tucker properly filed the instant § 2241 petition in this Court. "In evaluating substantive claims under the savings clause … we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). While the law of the court of conviction governs a prisoner's substantive § 2241 claims, Fourth Circuit procedural law continues to control the disposition of the petition. *Hahn*, 931 F.3d at 301. Accordingly, the undersigned will consider whether Tucker's § 2241 petition falls within the savings clause exception by applying the substantive law of the Ninth Circuit and the procedural law of the Fourth Circuit.

### 2. Tucker is not entitled to use the savings clause.

Tucker argues that his conviction under § 922(g) should be vacated in light of the Supreme Court's decision in *Rehaif,* and in view of the lack of evidence supporting his conviction. (ECF No. 6). Tucker claims that the Sentencing Court did not properly instruct the jury on the subject of Tucker's knowledge of his status as a felon; that the indictment was insufficient to state a criminal charge under 18 U.S.C. § 922(g); and that the Government never proved essential elements of the crime, including his knowledge that

6

he was a felon and that he possessed or received a firearm in and affecting interstate commerce. (ECF No. 6).

The undersigned **FINDS** that this Court is precluded from considering Tucker's challenge to his conviction, because his claims do not satisfy all of the elements necessary to qualify for review under the savings clause exception. In particular, Tucker cannot meet the second element of the *Jones* test, even in the aftermath of *Rehaif,* the case on which Tucker relies as the basis for his challenge. In *Rehaif,* the Supreme Court considered what essential elements the government was required to prove to sustain a conviction under 18 U.S.C. § 922(g), a statue which prohibits certain categories of individuals from possessing firearms. *See* 139 S. Ct. 2191, at 2194. The Supreme Court concluded that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. In so holding, the *Rehaif* Court rejected the Government's argument that it did not have to prove the defendant's knowledge that he fell within one of the categories of individuals prohibited from possessing a firearm, because the defendant's knowledge of his status was a question of law, not fact, and was subject "to the well-known maxim that 'ignorance of the law' (or a 'mistake of law') is no excuse." *Id.* at 2198 (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991)).

Tucker has not met the second element of *Jones,* because he has not shown that the substantive law in the Ninth Circuit or the Supreme Court has changed since his conviction, rendering a felon's possession of a firearm to be legal. Indeed, since the *Rehaif* decision, the Ninth Circuit has explicitly held the contrary in cases where a defendant charged with a violation of 922(g)(1) stipulated that he had been convicted of a felony

7

prior to possessing the firearm. In *United States v. Benamor,* the Ninth Circuit rejected a *Rehaif* argument that the government had failed to prove the defendant knew he was a felon when he possessed a firearm, because the defendant had stipulated to having been convicted of a crime with a punishment exceeding one year. *Id.,* 937 F.3d 1182, 1188 (9th Cir. 2019). The Ninth Circuit explained: "That factual stipulation was binding, and it relieved the government of the burden of proving Defendant's status as a felon." *Id.* From this stipulation, "[a] rational juror could infer that [Defendant] was aware of his status as a felon." *United States v. Rangel*, No. 18-50406, 2020 WL 4475855, at *1 (9th Cir. Aug. 4, 2020) (citing *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010)). According to the certified transcript of Tucker's jury trial, the parties agreed and stipulated in a joint trial stipulation signed by Tucker and presented to the jury, that "on or about September 7, 2007, at the time Defendant Lorenzo Tucker allegedly possessed the firearm, Defendant Lorenzo Tucker had been convicted of a felony, that is convicted of a crime punishable by a term exceeding one year in prison, and was therefore prohibited from possessing a firearm." *Tucker,* Case No.: 2:08-cr-00025-KJD-CWH, at ECF No. 89 at 25-26. As such, Tucker not only acknowledged that he was a felon at the time he possessed a firearm, but conceded that he was prohibited from possessing a firearm. Courts in the Fourth Circuit have likewise concluded, as a general matter, that *Rehaif* "did not change substantive law … the conduct for which [Tucker] was convicted is still illegal." *Steele v. Hudgins*, No. 5:19-cv-244, 2019 WL 5799976, at *1 (N.D.W. Va. Nov. 7, 2019); *see also Hoffman v. Breckon*, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020); *Prince v. Warden of Bennettsville Fed. Corr. Inst.*, No. 820CV00823JMCJDA, 2020 WL 3318294, at *3 (D.S.C. Mar. 23, 2020), *report and recommendation adopted,* No. 8:20-CV-00823-JMC, 2020 WL 3316088 (D.S.C. June 18, 2020).

Moreover, post-*Rehaif* substantive law in the Ninth Circuit is clear that an error in establishing a defendant's knowledge of his status as a felon in order to sustain a § 922(g) conviction does not constitute a structural error justifying reversal of the conviction on subsequent challenge. *See, e.g., United States v. Dillard,* Case No.: 2:09-cr-00057, 2020 WL 2199614, at *6 (concluding that a *Rehaif* error "did not affect the substantial rights of a defendant who had been previously sentenced to terms of imprisonment greater than one year."); *United States v. Dollison,* No. 3:18-cr-00066, 2019 WL 5653197, at *2 (D. Alaska Oct. 31, 2019) (finding that an jury instruction that was insufficient in light of *Rehaif* did not affect the substantial rights of the defendant; particularly given Defendant's stipulation that he had a felony conviction.); *United States v. Fesolai,* No. 2:17-CR-74, 2020 WL 4004207, at *1 (D. Nev. Jul. 15, 2020); *also United States v. Winn,* 811 Fed. App'x. 1011, 1015 (9th Cir. 2020) (holding that "any error in adducing evidence [of Defendant's knowledge of his felony status] "did not affect [Defendant's] substantial rights' because [Defendant's] stipulation to his prior convictions 'proved beyond a reasonable doubt that [he] had the knowledge required by *Rehaif*.") (citation omitted). Consequently, if Tucker had been convicted of the § 922(g) charge before *Rehaif* was decided, but had the benefit of *Rehaif* on appeal, he would not have been successful in setting aside his conviction.

As Tucker cannot meet all of the elements of the *Jones* test, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over his petition.

### 3. Transfer or dismissal of the petition.

Given that Tucker's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Tucker's action, then he

will be required to pursue his claim in the United States District Court for the District of Nevada. On the other hand, the Court could construe Tucker's petition as a § 2255 motion and transfer it to the Sentencing Court; however, the undersigned **FINDS** no purpose in this exercise. Tucker has already filed a § 2255 motion in the Sentencing Court, requiring him to obtain authorization from the Ninth Circuit to file a second § 2255 motion. *Tucker*, 2:08-cr-00025-KJD-CWH (D. Nev. Apr. 18, 2010), ECF No. 150. *See* § 2255(h), 28 U.S.C. § 2244(b)(3)(A). Tucker's apparent lack of authorization from the Ninth Circuit eliminates any benefit to be gained from a transfer to the Sentencing Court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Ninth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice."

*Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 Fed. Appx. 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For an appellate court to grant a request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Tucker's claims do not meet the requirements of § 2255(h), because *Rehaif* does not qualify as a "new rule of constitutional law, made retroactive on collateral review by the Supreme Court." *United States v. Pineda*, No. 6:15-CR-00264-AA, 2020 WL 3104512, at *2 (D. Or. June 11, 2020) (quoitng *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (finding that *Rehaif* "did not announce a new rule of constitutional law"); *United States v. Fierro*, No. 2:09-CR-0240-KJD-PAL, 2020 WL 1531162, at *1 (D. Nev. Mar. 31, 2020) (same); *Bell v. Milusinic*, No. 2:19-06697 SVW (ADS), 2020 WL 868607, at *3 (C.D. Cal. Feb. 13, 2020) ("Furthermore, the decision in *Rehaif,* as a new

rule of statutory interpretation, does not qualify as a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," to be certified as a second and successive Section 2255 motion."). Therefore, the undersigned **FINDS** that the interest of justice would not be served by transferring Tucker's claim to the District of Nevada or the Ninth Circuit.

In summary, the undersigned **FINDS** that Tucker's claims do not qualify for review under the savings clause exception and transferring the claims to either the Sentencing Court or the Ninth Circuit would be a fruitless exercise of discretion. Consequently, Tucker's challenge to his conviction should be dismissed.

### C. *Habeas Petition under § 2241*

Although Respondent does not state under which rule he brings his request for dismissal of the habeas petition, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697

12

F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Tucker's petition, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

As a prerequisite to the exercise of federal jurisdiction, the petition before the court must present an actual case or justiciable controversy. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). "The requisite personal interest that must exist at the

13

commencement of the litigation ... must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Action by a defendant that simply accords all the relief demanded by the plaintiff may moot an action." *W. Virginia Highlands Conservancy v. Norton*, 161 F. Supp. 2d 676, 679 (S.D.W. Va. 2001) (citing 13A Federal Practice and Procedure § 3533.2). A case becomes moot, and accordingly no longer falls within the court's subject matter jurisdiction, when it is "impossible for a court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id*. Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir.2007). Therefore, when a federal prisoner files a habeas corpus petition seeking injunctive relief from a sentence, his release from custody may render the petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the petition challenges collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v.*

14

*LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

The Fourth Circuit has clarified the extent to which release from custody will moot a challenge to a sentence. *See United States v. Ketter,* 908 F.3d 61, 66 (4th Cir. 2018). In that case, the defendant challenged his sentence on appeal as procedurally and substantively unreasonable. *Id.* The United States argued that, because the defendant had served his custodial term of incarceration, his claim was moot, notwithstanding that he continued to serve a term of supervised release. *Id.* at 65. The Fourth Circuit rejected this contention, finding that the custodial term and the term of supervised release presented a "unitary" sentence, and "a challenge to that sentence presents a live controversy, even though [the defendant] has served the custodial portion of that sentence." *Id.* The Fourth Circuit explained that "[a]lthough the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand

a district court *could* grant relief to the prevailing party in the form of a shorter period of supervised release." *Id*. at 66.

The reasoning in *Ketter* does not apply here, however, because Tucker has been released from custody and has no remaining term of supervised release. Therefore, no collateral consequences remain, which would sustain Tucker's challenge to the execution of his sentence as a live controversy. The second exception, regarding challenged actions which are capable of repetition yet evading review, likewise is not applicable. Tucker has been released from custody, and "there is no reasonable expectation that [he] will be incarcerated again and face the same set of circumstances in the future." *Maultsby*, No. 1:17-CV-04612, 2018 WL 4289648, at *2. Consequently, Tucker raises no issue that is reasonably capable of repetition.

As such, the undersigned **FINDS** that Tucker's claims related to the execution of his sentence became moot when he was released from custody. The undersigned further **FINDS** that no exception to the mootness doctrine applies in Tucker's case. Therefore, this Court lacks jurisdiction to consider the sentence-based claims contained in Tucker's petition.

### III.   Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Motion for Summary Reversal, (ECF No. 6), be **DENIED**;

2. Respondent's Motion to Dismiss, (ECF No. 11), be **GRANTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED**; and

4. This case be removed from the Court's docket.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** September 9, 2020

Cheryl A. Eifert
United States Magistrate Judge